RECEIVED
JUL 16 2015
U.S. District Court
Eastern District of MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

JUL 16 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

DEVEREAUX et al.,                        )
                                         )
                         Plaintiff,      )
                                         )     Case No. 4:15-CV-00553 RWS
v.                                       )
                                         )
ST. LOUIS COUNTY et al.,                 )
                                         )
                         Defendant.      )

## MOTION AND OBJECTIONS OF THE CITY OF ST. LOUIS TO QUASH OR MODIFY THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION DIRECTED TO THE CUSTODIAN OF RECORDS, ST. LOUIS METROPOLITAN POLICE DEPARTMENT

Comes now Movant, the City of St. Louis, by its undersigned attorney pursuant to Federal Rule of Civil Procedure 45(d), moves to quash or modify the subpoena, issued on behalf of Plaintiffs, directed to the Custodian of Records of the City of St. Louis Metropolitan Police Department (SLMPD), and objects to the items under subpoena. In support thereof, Movant states as follows:

1.      This is a civil rights action under 42 U.S.C. § 1983 wherein Plaintiff seek judgment against Defendant St. Louis County and others for alleged deprivation of rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution, in connection with Defendants' alleged response to protest activity.

2.      Plaintiffs have caused the issuance of a subpoena directed to the SLMPD Custodian of Records, commanding the production of documents, information, or objects ("subpoena") on July 24, 2015, at 6:00 p.m., at the law office of Sindel, Sindel & Noble, P.C., in Clayton, MO.

3.      SLMPD is not a party in this cause.

4.      Since 2013, SLMPD is a department under the City of St. Louis' Department of

Public Safety, and, as such, Movant City of St. Louis has standing to file this Motion to Quash

the subpoena directed to SLMPD.  RSMo. § 84.010.

5.      The subpoena, in pertinent part, states as follows:

To: Custodian of Records, St. Louis Metropolitan Police Department...

*Production:* **YOU ARE COMMANDED** to produce [at the above time and place] the following documents, electronically stored information, or objects to permit inspection, copying, testing, or sampling of material: See attached ...

[Separate page attachment] St. Louis County Police Department has identified a SWAT Team Unit of the St. Louis **County** Metropolitan Police, utilizing a BearCat armored vehicle, as one of the two police units involved in a "use of force" incident on August 18/August 19, 2014 with Ryan Devereaux and Lukas Hermsmeier, plaintiffs in [this cause]. Plaintiffs therefore command the following production:

1.      All documents, records or recordings involving or relating to Ryan Devereaux.

2.      All documents, records, or recordings involving or relating to Lukas Hermsmeier.

3.      All police reports, incident reports, use of force reports, investigative reports, or any other report describing events, incidents, or occurrences involving St. Louis **County** Metropolitan Police SWAT or BearCat units from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

4.      All police reports, incident reports, use of force reports, investigative reports, or any other report describing events, incidents, or occurrences involving St. Louis **County** Metropolitan Police within a one-mile radius of Highmont Drive and West Florissant Avenue from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

5.      All other documents or records regarding or related to activity and positions of BearCat or other armored vehicles in the possession and use of St. Louis **County** Metropolitan Police officers from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

6.      All documents or records regarding or related to activity and/or positions of SWAT Team Units of St. Louis **County** Metropolitan Police Department from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

2

7.    All video recordings in the possession, custody, or control of the St. Louis
      Metropolitan Police Department made from August 18, 2014 at 10 p.m. – August 19,
      2014 at 2:00 a.m. within a one-mile radius of Highmont Drive and West Florissant
      Avenue from any recording device, including, GoPro cameras, body cameras,
      armored vehicles cameras, security cameras, surveillance cameras, computer, or
      camera phones.

8.    All audio recordings in the possession, custody, or control of St. Louis Metropolitan
      Police Department made from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00
      a.m. within a one-mile radius of Highmont Drive and West Florissant Avenue from
      any recording device.

9.    All dispatch records, including recordings or transcripts, from August 18, 2014 at 10
      p.m. – August 19, 2014 at 2:00 a.m.

10.   Records of all officers assignments to BearCats or other armored vehicles on August
      18, 2014 and August 19, 2014.

11.   Records of all officer assignments to St. Louis Metropolitan Police SWAT team units
      on August 18, 2014 and August 19, 2014.

12.   Photographs of all police officers assigned to or working in the St. Louis
      Metropolitan Police SWAT team in August, 2014.

13.   Photographs of all police officers assigned to or working in BearCat or other armored
      vehicles in the possession and use of St. Louis **County** Metropolitan Police officers in
      August, 2014.

Exhibit 1, Subpoena. [Emphasis supplied.]

6.    Rule 45 requires the Court to quash or modify a subpoena when it subjects a

person to undue burden and/or requires disclosure of privileged or other protected matter.

Fed.R.Civ. P. (d)(3)(A) (iii) - (iv).

7.    Rule 45 allows a person commanded to produce documents and things to serve

written objections to the production of the same. Fed.R.Civ.P. 45 (d)(2)(B).

3

8.      Movant on behalf of the Custodian of Records – St. Louis Metropolitan Police
Department generally objects to the items under subpoena on the basis that they are vague and
overbroad in that some of the items describe "St. Louis **County** Metropolitan Police"
Department, SWAT or BearCat Units or "St. Louis Metropolitan Police" Department or SWAT
team units. [Emphasis supplied.]

9.      Movant generally objects to the items under subpoena on the basis that they are
overbroad and unduly burdensome in that they fail to identify specific locations, may involve
other investigations, and generally lack specificity of any incidents or circumstances surrounding
the allegations of Plaintiffs' Amended Complaint.

10.     Movant specifically objects to the production of the items under subpoena as
follows:

1.  All documents, records or recordings involving or relating to Ryan Devereaux.

    **Objection: overbroad and vague in that it does not provide any identifying
    information regarding the individual identified therein and is not limited in
    time or scope.**

2.  All documents, records, or recordings involving or relating to Lukas Hermsmeier.

    **Objection: overbroad and vague in that it does not provide any identifying
    information regarding the individual identified therein and is not limited in
    time or scope.**

3.  All police reports, incident reports, use of force reports, investigative reports, or
    any other report describing events, incidents, or occurrences involving St. Louis
    County Metropolitan Police SWAT or BearCat units from August 18, 2014 at 10
    p.m. – August 19, 2014 at 2:00 a.m.

    **Objection: relevance, vague, ambiguous, unduly burdensome, and fails to
    identify a specific location, overly broad and may result in the production of
    reports in connection with active investigations not relevant to the case at bar
    which could compromise said investigations.  Without more specificity, it is
    impossible to adequately state whether it would or not.**

4

4. All police reports, incident reports, use of force reports, investigative reports, or any other report describing events, incidents, or occurrences involving St. Louis County Metropolitan Police within a one-mile radius of Highmont Drive and West Florissant Avenue from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

**Objection: vague, ambiguous, unduly burdensome, and fails to sufficiently identify the area for which police report, incident reports, use of force reports, or investigative reports are sought in that it simply indicates a "one-mile radius of Highmont Drive and West Florissant Avenue." It is impossible to identify the one mile radius for which the documents are sought. Also overly broad and may result in the production of reports in connection with active investigations not relevant to the case at bar which could compromise said investigations. Without more specificity, it is impossible to adequately state whether it would or not.**

5. All other documents or records regarding or related to activity and positions of BearCat or other armored vehicles in the possession and use of St. Louis County Metropolitan Police officers from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

**Objection: vague, ambiguous, unduly burdensome, and fails to identify a specific location, overly broad and may result in the production of reports in connection with active investigations not relevant to the case at bar which could compromise said investigations. Without more specificity, it is impossible to adequately state whether it would or not.**

6. All documents or records regarding or related to activity and/or positions of SWAT Team Units of St. Louis County Metropolitan Police Department from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

**Objection: vague, ambiguous, unduly burdensome, and fails to identify a specific location, overly broad and may result in the production of reports in connection with active investigations not relevant to the case at bar which could compromise said investigations. Without more specificity, it is impossible to adequately state whether it would or not.**

7. All video recordings in the possession, custody, or control of the St. Louis Metropolitan Police Department made from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m. within a one-mile radius of Highmont Drive and West Florissant Avenue from any recording device, including, GoPro cameras, body cameras, armored vehicles cameras, security cameras, surveillance cameras, computer, or camera phones.

5

**Objection: vague, ambiguous, unduly burdensome, and fails to identify a specific location, overly broad and may result in the production of reports in connection with active investigations not relevant to the case at bar which could compromise said investigations.   Without more specificity, it is impossible to adequately state whether it would or not.**

8. All audio recordings in the possession, custody, or control of St. Louis Metropolitan Police Department made from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m. within a one-mile radius of Highmont Drive and West Florissant Avenue from any recording device.

   **Objection: vague, ambiguous, unduly burdensome, and fails to sufficiently identify the area for which police report, incident reports, use of force reports, or investigative reports are sought in that it simply indicates a "one-mile radius of Highmont Drive and West Florissant Avenue." It is impossible to identify the one mile radius for which the documents are sought. Also overly broad and may result in the production of reports in connection with active investigations not relevant to the case at bar which could compromise said investigations. Without more specificity, it is impossible to adequately state whether it would or not. Certain recordings are also inaccessible to the general public pursuant to RSMo § 610.150.**

9. All dispatch records, including recordings or transcripts, from August 18, 2014 at 10 p.m. – August 19, 2014 at 2:00 a.m.

   **Objection: vague, ambiguous, unduly burdensome, and fails to identify a specific location, overly broad and may result in the production of reports in connection with active investigations not relevant to the case at bar which could compromise said investigations.   Without more specificity, it is impossible to adequately state whether it would or not. Certain recordings are inaccessible to the general public pursuant to RSMo § 610.150**

10. Records of all officers assignments to BearCats or other armored vehicles on August 18, 2014 and August 19, 2014.

    **Objection: vague, ambiguous, unduly burdensome, and fails to identify a specific location, and overly broad.**

11. Records of all officer assignments to St. Louis Metropolitan Police SWAT team units on August 18, 2014 and August 19, 2014.

    **Objection: safety and security of officers will be compromised, and will create a danger to the safety of officers or jeopardize other unrelated criminal investigations. See RSMo § 610.100.3.**

12. Photographs of all police officers assigned to or working in the St. Louis Metropolitan Police SWAT team in August, 2014.

**Objection: relevance, safety and security of officers will be compromised, will create a danger to the safety of officers or jeopardize other unrelated criminal investigations. See RSMo § 610.100.3. Also, these records are closed under RSMo § 610.021(3)**

13. Photographs of all police officers assigned to or working in BearCat or other armored vehicles in the possession and use of St. Louis County Metropolitan Police officers in August, 2014.

**Objection: relevance, safety and security of officers will be compromised, will create a danger to the safety of officers or jeopardize other unrelated criminal investigations. See RSMo § 610.100.3.**

11. Movant also generally objects to the items under subpoena on the basis that complying with the subpoena would be unduly burdensome in that would require significant time and expense to investigate, research, compile, and duplicate the items under subpoena.

12. Movant requests that if the Court directs Plaintiff's to make any parts of the subpoena clear and specific, and orders Movant to comply with the subpoena in whole, in part part, or as modified, Movant requests the authority to bill the requesting party for reasonable charges and expenses, and allow a reasonable time, e.g., 60 days from the date of any such order to comply with the subpoena so to not disrupt the ordinary course of business of Movant SLMPD.

13. On the basis of the foregoing, this Court should quash or modify the subpoena referenced in this Motion.

14. Movant contacted local counsel last week prior to the filing of this Motion to discuss these matters in an effort to discuss, limit, and clarify the documents and information sought in the subpoena as raised in this Motion.

7

15. Movant is prepared to make oral argument in support of this Motion, if the Court deems it appropriate.

WHEREFORE, Movant, City of St. Louis prays this Court to quash or modify the subpoena appended hereto as Exhibit 1, and for any such relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

WINSTON E. CALVERT
CITY COUNSELOR

By:     /s/ Raymond B. Flojo

Raymond B. Flojo #50464MO
Associate City Counselor
Attorney for Movant
1915 Olive St., Room 773
St. Louis, MO 63103
Phone: (314) 444-5609
rflojo@slmpd.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of the Court on July 16, 2015, to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Raymond B. Flojo

8