UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| DEVEREAUX et al, <br><br> Plaintiffs, <br><br> vs. <br><br> ST. LOUIS COUNTY et al, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Cause No. 4:15-CV-00553 RWS <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT PROPOSED PROTECTIVE ORDER

**WHEREAS**, Plaintiffs have served a subpoena on the City of St. Louis Metropolitan Police Department ("SLMPD") seeking documents and information arising from incidents on August 18, 2014, 10:00 p.m. to August 19, 2014, 2:00 a.m. within a one mile radius of Highmont Drive and West Florissant Avenue in St. Louis County, Missouri, and SLMPD has objected and moved to quash [Document #22], which Plaintiffs opposed [Documents ## 23, 28]. Pursuant to Federal Rule of Civil Procedure 26(c) and 45(d),

IT IS **THEREBY ORDERED THAT:**

**1.** As used in this Order, "**Designated Material**" shall mean and refer to the any documents or records produced in response to the subpoena attached, see Exhibit A, designated pursuant to this Protective Order by the person or entity producing or lodging it if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure, Local Rules of this Court; and/or (b) filed or lodged with the Court. All such material and all information or

material derived from material so designated shall be considered "Designated Material" under this Protective Order.

2.   **Policy Favoring Public Proceedings.**  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3. **Designating Materials**

Subject to the limitations set forth in this Protective Order, Designated Material must be marked "CONFIDENTIAL": (i) for purposes of avoiding invasions of individual privacy through disclosure of medical, financial or psychiatric information; home addresses; social security numbers; date of birth; or private phone numbers; (ii) where a clear and present danger to the safety and security of an officer exists; and (iii) where an ongoing criminal investigation will be jeopardized.  Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL."

The producing or responding party shall designate materials by placing the legend "CONFIDENTIAL" on each page of the materials prior to production.  Before any document or record may be designated as "CONFIDENTIAL," counsel for the designating party must conduct an inspection of the document or record to determine the minimum number of pages or sections of the record to be designated as "CONFIDENTIAL."  In the event that fewer than all of a document or record contain information that qualifies for designation as "CONFIDENTIAL", only those portions containing such information may be designated as "CONFIDENTIAL."

With respect to Confidential Material produced as compact discs, DVDs or other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the item is stored the legend CONFIDENTIAL." If only portions of the item

warrant protection, the Designating Party, to the extent practicable, shall identify the portions that constitute "Confidential Materials."

    4. **Access**

        a.    Documents designated CONFIDENTIAL under this Order shall be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶4 only for purposes of this litigation.

        b.    Materials designated "CONFIDENTIAL" may be disclosed to:

            (a)    Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee or recipient thereof;

            (b)    Counsel for the parties to this action or order, whether counsel of record or not, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

            (c)    Plaintiffs, Defendants, and defendant's insurer

            (d)    Expert witnesses identified by any party; consulting experts; investigators employed by the parties

            (e)    Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court)

            (f)    Any individual identified by SLMPD in the "Designated Materials" will have access to the information and be notified by SLMPD

            (g)    Additional persons may be granted access only by written consent of the producing party or upon order of the court and on such conditions as may be agreed to or ordered.

        c.    Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the

terms of this Order. Specifically, counsel of record shall retain all "Confidential Material" within the confines of his/her personal offices, except as is necessary to conduct the present litigation.

    **d.**    Disclosure of "Confidential Material" to the plaintiffs or defendant and/or to any other persons other than counsel of record in accordance with the terms of this Protective Order must be accompanied by a copy of this Protective Order, and counsel must inform said person(s) of the terms of this Protective Order, and said person(s) agrees to be bound by its terms.

    **e.**    All individuals who are granted access to the "Designated Materials" agree to be bound by this Protective Order.

### 5. Designating Depositions

Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

Any party may, within seven (7) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as "CONFIDENTIAL" where it contains Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the seven-day (7) period. Until the expiration of the seven-day (7) period, any portion of the deposition not previously designated shall be treated as "CONFIDENTIAL" and subject to protection as provided by this Protective Order. After the expiration of the seven-day (7) period, if no party or deponent has

timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

### 6. Copies

All complete or partial copies, summaries or extracts of Designated Materials shall also be deemed subject to the terms of this Protective Order.

### 7. Inadvertent Production

Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by Fed. R. Evid. 502.

### 8. Filing Designated Materials with the Court

(a) Policy Favoring Public Filings. The Court highly discourages the filing of any pleadings or documents under seal. To the extent possible, a brief, memorandum or pleading that references any document marked as CONFIDENTIAL shall simply refer the Court to the particular material without disclosing the contents of any confidential information. To the extent that further discussion of a document marked as CONFIDENTIAL is required, counsel shall follow the procedure below to designate portions of a brief, memorandum or pleading to be filed under seal.

(b) Procedure for Filing Exhibits Under Seal. Before any document marked as CONFIDENTIAL is filed under seal with the Clerk as an exhibit to a brief, memorandum or pleading, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. Where agreement is not possible or adequate, a CONFIDENTIAL document shall be filed under seal pursuant to

the Court's procedure. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

(c) Procedure for Filing Briefs, Memoranda or Pleadings Under Seal. To the extent that it is necessary for a party to discuss the contents of any document designated as CONFIDENTIAL, Counsel for the filing party must review the brief, memorandum or pleading to determine the minimum amount of text subject to this designation. After such review, counsel shall prepare two versions of the pleadings, a public version and a confidential version. The public version shall contain a redaction of references to material designated as CONFIDENTIAL. Such redactions shall be made to as little of the text of the brief, memorandum or pleading as possible; entire pages may not be redacted if redaction of one or more lines or partial lines would be sufficient to protect the confidential information being discussed. The public version shall be electronically filed with the Court.

The confidential version shall be a full and complete version of the pleading, without redactions. The confidential version of the brief, memorandum or pleading, shall be filed under seal pursuant to the Court's procedures. A copy of the unredacted brief, memorandum or pleading also shall be delivered to the judicial officer's chambers.

9. **Objections**

A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged, state the basis for each challenge and propose a specific re-designation for each item of Designated Materials for which a challenge is made ("Notice of Objection"). Service of a Notice of Objection shall be made by mail.

On, but not before, the fourteenth day after service of a Notice of Objection, the challenged material shall be deemed re-designated unless the Designating Party has previously filed and served by mail or hand delivery a motion for a Protective Order to maintain the original designation or designating the material otherwise. In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is "CONFIDENTIAL." Upon the timely filing of such a motion, the original designations shall remain effective until entry of an order re-designating the materials.

The parties shall meet and confer in good faith prior to the filing of any motion under this Section.

### 10. Use of Confidential Material in Court

Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. Prior to trial, the parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Designated Material at trial.

### 11. Modification

All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

### 12. Return of Designated Material

Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating Party or, if such party is not represented by counsel, directly to the Designating Party. Such Designated Materials shall either be returned to the Designating Party or, at the option and expense of the Designating Party, destroyed. Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.

Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain archival copies, in paper and/or electronic media, of pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material.

### 13. Court's Retention of Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

SO ORDERED.

_____
HON. RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2015.