UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVEREAUX et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Cause No. 4:15-CV-00553 RWS |
| vs. | ) |
| | ) |
| ST. LOUIS COUNTY et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### STIPULATED PROTECTIVE ORDER

**1.**     **Purpose and Limitations.** Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.**     **Policy Favoring Public Proceedings.** As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of

public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**3.** **Definitions.** The following definitions apply to this Protective Order:

**3.1** Party. Any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel.

**3.2** Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

**3.3** Counsel (without qualifier). Outside Counsel and House Counsel (as well as their support staffs).

**3.4** "CONFIDENTIAL" Information or Items. Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or otherwise protected from disclosure under state or federal statutes, including, but not limited to: confidential medical records, financial records, therapy and psychiatric records and related information of plaintiff or defendants. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL."

2

**3.5**   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

**3.6**   Disclosure or Discovery Material. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronic files, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**3.7**   Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

**3.8**   "HIGHLY CONFIDENTIAL" Information or Items. Personal identifiers such as individuals' private phone numbers, home addresses, social security numbers, and date of birth.

**3.9**   House Counsel.   Attorneys who are employees of a Party.

**3.10**   Outside Counsel.   Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**3.11**   Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.12** Producing Party. A Party or third-party that produces Disclosure or Discovery Material in this action.

**3.13** Professional Vendor. Person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and its employees and subcontractors.

**3.14** Protected Material. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**3.15** The use of the singular form of any word includes the plural, and vice versa.

**4.** **Scope**. The protection conferred by this Stipulation and Protective Order covers not only Protected Material, but also any information copied or extracted therefrom, as well as, all copies excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information that is acquired by the non-designating party from a third-party having the right to disclose such information or material; or was lawfully possessed by the non-designating party before the date of this Protective Order,

4

unless the information or material possessed is governed by a Protective Order issued in other litigation. The Designating Party must act in good faith to notify the Receiving Party of any change in circumstances that renders Protected Material no longer Confidential or Highly Confidential within a reasonable time period after the change becomes known to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**5.** **Duration.** Even after the termination of this action, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**6.** **Designating Protected Material.**

**6.1** Manner and Timing of Designations. Except as otherwise provided herein, or as otherwise ordered, material that qualifies for protection under this Stipulation and Protective Order must be clearly designated before it is disclosed or produced. Designations in conformity with this Stipulation and Protective Order require:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Producing Party that makes original documents or materials

5

available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL INFORMATION. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriated markings in the margins).

(b) For testimony given in deposition or in other pretrial proceedings, that before the close of the deposition, hearing, or other proceeding, the Party or non-party offering or sponsoring the testimony shall identify on the record all protected testimony and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to fourteen (14) days upon receipt of the deposition transcript to identify the specific portions of the testimony as

6

to which protection is sought. Only those portions of the testimony that are appropriately designated for protection under the standards set forth herein within the fourteen (14) days shall be covered by the provisions of this Protective Order. Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

**7.      Inadvertent Failure to Designate.**     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7

**8.**     **Inadvertent Disclosure.**  Inadvertent production of any document or information without a designation shall be governed by Fed. R. Evid. 502 .

**9.**     **Challenging Confidentiality Designations**.

**9.1**     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**9.2**     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

8

to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**9.3** Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

9

other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**10.    Access To and Use of Protected Material**

**10.1**    Disclosure of CONFIDENTIAL INFORMATION or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose CONFIDENTIAL INFORMATION to the following persons only:

(a)    Potential witnesses at deposition or trial, and the witnesses' counsel, if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and they agree to be bound by its terms;

(b)    The Court, including any agent of the Court and any court reporter used during depositions;

(c)    Any non-retained expert or person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing expert testimony in the Actions (or acting as a consulting expert in the Actions) and such person's investigators, and professional and clerical assistants if CONFIDENTIAL INFORMATION is reasonably necessary and related

10

to their anticipated testimony or consultation or advisory services, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

(d) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation provided that they are provided with a copy of this Protective Order and they agree to be bound by its terms; and

(e) The Parties and their counsel, including any House Counsel of any party, investigator, legal and clerical assistant; and

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who agree to be bound by the terms of the protective order;

(g) The author of the document or the original source of the information and recipients or addressees in the normal course of business; and

(h) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**10.2** Disclosure of HIGHLY CONFIDENTIAL INFORMATION or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose CONFIDENTIAL INFORMATION to the following persons only:

(a) Counsel, including any House Counsel of any party, investigator, legal and clerical assistant;

11

(b)     The Court, including any agent of the Court and any court reporter used during depositions;

(c)     The author of the document or the original source of the information and recipients or addressees in the normal course of business; and

(d)     Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**10.3     Compliance.**   A Receiving Party disclosing CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any person pursuant to paragraphs 10.1 and 10.2(a) (hereafter a "Recipient") is responsible for each Recipient's compliance with the terms of this Protective Order. Failure to comply with the terms of this Protective Order could expose the Receiving Party and/or the Recipient to sanctions and punishment in the nature of contempt. At the conclusion of this matter, the Receiving Party will ensure that the Recipient returns all Protected Material to the Receiving Party, or in the alternative destroys all Protected Material. The Receiving Party further agrees to be subject to the jurisdiction of the United States District Court for the Eastern District of Missouri and the Missouri state law and legal principles applicable to contractual obligations entered in the State of Missouri, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

**11.     Protected Material Subpoenaed Or Ordered Produced In Other Litigation.**   If a Receiving Party is served with a subpoena or an order issued in other litigation that would

12

compel disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION the Receiving Party must so notify the Designating Party, in writing (by fax or email if possible) immediately and in no event more than five (5) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such party a copy of this Protective Order. The Designating Party will bear the burdens and the expenses of seeking protection in that court of its Confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**12.** **Unauthorized Disclosure Of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than five (5) calendar days: (a) notify in writing (using best efforts to use email or fax) the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order. The Receiving Party must promptly notify the Designating Party of the results of its efforts with regards to (b)

13

and (c) herein. After a good faith meet and confer effort to resolve any remaining disputes concerning compliance with this paragraph, any Party, Receiving Party or Designating Party may seek relief from this Court for non-compliance with this provision. Said relief may include, but is not limited to, preclusion of the Receiving Party's use in this litigation of the Protected Material that was disclosed contrary to this Protective Order, or any other sanction deemed appropriate by the Court.

**13.**     **Filing Protected Material.**     If a party wishes to use any Protected Material in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in this matter, such papers or transcript shall be filed under seal or redacted pursuant to the Eastern District of Missouri Local Rule 5-2.17 and Administrative Procedures for CM/ECF, Part VI and the procedures described below at 13.1-13.3. Unless otherwise agreed by the Parties to permit service by some other means such as by email or facsimile, copies of any pleading, brief or other document containing Protected Material that is served on opposing counsel must be delivered in a sealed envelope stamped with the appropriate designation – CONFIDENTIAL  or HIGHLY CONFIDENTIAL (if highly confidential materials are not redacted) and:

***"SUBJECT TO PROTECTIVE ORDER"***

and will be treated in accordance with the provisions of this Protective Order. Subject to the Court's convenience and needs, all materials filed in this fashion will be kept under seal by the Clerk until further order from the Court.

14

**13.1**    Policy Favoring Public Filings. The Court highly discourages the filing of any pleadings or documents under seal. To the extent possible, a brief, memorandum or pleading that references any Protected Material shall simply refer the Court to the particular material without disclosing the contents of any confidential information. To the extent that further discussion of any Protected Material is required, counsel shall follow the procedure below to designate portions of a brief, memorandum or pleading to be filed under seal.

**13.2**    HIGHLY CONFIDENTIAL INFORMATION. Filings containing HIGHLY CONFIDENTIAL information shall be redacted in the public record in accordance with Eastern District of Missouri Local Rule 5-2.17. An unredacted version need not be filed under seal unless so directed by the Court.

**13.3**    CONFIDENTIAL INFORMATION.

(a)    Procedure for Filing Exhibits Under Seal. Before any document marked as CONFIDENTIAL is filed under seal with the Clerk as an exhibit to a brief, memorandum or pleading, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. Where agreement is not possible or adequate, a CONFIDENTIAL document shall be filed under seal pursuant to the Court's procedure. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

15

(b)     Procedure for Filing Briefs, Memoranda or Pleadings Under Seal. To the extent that it is necessary for a party to discuss the contents of any document designated as CONFIDENTIAL, Counsel for the filing party must review the brief, memorandum or pleading to determine the minimum amount of text subject to this designation. After such review, counsel shall prepare two versions of the pleadings, a public version and a confidential version. The public version shall contain a redaction of references to material designated as CONFIDENTIAL. Such redactions shall be made to as little of the text of the brief, memorandum or pleading as possible; entire pages may not be redacted if redaction of one or more lines or partial lines would be sufficient to protect the confidential information being discussed. The public version shall be electronically filed with the Court.

The confidential version shall be a full and complete version of the pleading, without redactions. The confidential version of the brief, memorandum or pleading, shall be filed under seal pursuant to the Court's procedures. A copy of the unredacted brief, memorandum or pleading also shall be delivered to the judicial officer's chambers.

**14.     Final Disposition.**  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, or when either the time for appeal has expired or all appeals have been exhausted, each Receiving Party must return all Protected Material to the Producing Party (this includes any Protected Material that was provided to the Party as defined in Section 1.1 above). As used in this subdivision, "all Protected

16

Material" includes all copies, abstracts, or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. The Receiving Party may keep any attorney work product compilations or summaries of the Protected Material; however, those attorney work product compilations or summaries will continue to be subject to this Protective Order and must be kept confidential and not disclosed. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) calendar day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, and trial exhibits even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth herein.

**15.    Additional Provisions**.

**15.1**    Modification.    The Parties may modify this Protective Order by written agreement, or subject to approval by the Court. The Court may modify this Protective Order.

17

**15.2** <u>Right to Assert Other Objections</u>. This Protective Order does not affect or waive any right that any Party otherwise would have to object to disclosing or producing any information or item on any ground not <u>addressed in this Protective Order. Similarly, this</u> Protective Order does not affect or waive any Party's right to object on any ground to use in evidence any of the material covered by this Protective Order.

**15.3** <u>Privileges Not Waived</u>. This Protective Order does not affect or waive any applicable privilege or work product protection, or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

**15.4** <u>Obligations to Third Parties</u>. Nothing herein relieves any Party or non-party from any pre-existing confidentiality obligations currently owed by any Party or non-party to any other Party or non-party.

**15.5** <u>Reservation of Rights</u>. Nothing in this Protective Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents which have been requested.

IT IS SO ORDERED this 7th day of October, 2015.

Hon. Rodney W. Sippel

18