IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN DEVEREAUX, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No. 4:15cv-00553-RWS |
| v. ) | |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

ANSWER OF COUNTY DEFENDANTS TO
THE SECOND AMENDED COMPLAINT

COME NOW the several defendants associated with St. Louis County, to wit, St. Louis County, Missouri, Chief John Belmar in both his official and personal capacities, and St. Louis County Police Officers John Pfanstiel, Robert Fumagalli, Corey Zavorka, Justin Sparks, Matthew Hauck, Jason Dite, Jason Neuman, Matthew Taylor, Scot Miceli, Brian Ludwig, Marcial Amaro, Jeffrey Fuesting, Walter Davis, Nicholas Rebholtz, Brian McCauley and Amy Dlugos (collectively, the "County Defendants"), and in answer to the Second Amended Complaint, make the following responsive pleadings:

Prefatory remarks

As used by the County Defendants in this Answer,

"County" means Defendant St. Louis County, Missouri

"Official Belmar" means Defendant Belmar in his official capacity

"Individual Belmar" means Defendant Belmar in his individual capacity

"Chief Belmar" means Defendant Belmar in his individual and official capacities

"County SWAT Defendants" means Defendants John Pfanstiel, Robert Fumagalli, Corey Zavorka, Justin Sparks, Matthew Hauck, Jason Dite, Jason Neuman, Matthew

Taylor, Scot Miceli, Brian Ludwig, Marcial Amaro, Jeffrey Fuesting, Walter Davis, Nicholas Rebholtz, Brian McCauley and Amy Dlugos collectively, or in any combination as is relevant to the count and allegations with respect to which the term is used.

"LSKI" means that the answering defendant(s) lack(s) sufficient knowledge to form a belief as to the truth of the allegation, and so deny/denies the allegation.

<u>Responsive pleadings as to the Second Amended Complaint's Introduction</u>

1. The County Defendants make no responsive pleadings to the introductory statements, the same not being required. To the extent responsive pleadings are required, Paragraphs 1 through 6 are denied.

<u>Responsive pleadings as to the section of the Second Amended Complaint pertaining to Jurisdiction and Venue.</u>

2. The County Defendants admit Paragraphs 7 through 11.

<u>Responsive pleadings as to the section of the Second Amended Complaint pertaining to identification of the Parties.</u>

3. The County Defendants LSKI Paragraphs 12 through 15.

4. As to Paragraph 16, the County Defendants admit the identity of the County Defendants, but deny that the interacted with Plaintiffs as described in the Second Amended Complaint.

5. The County Defendants LSKI Paragraph 17.

6. As to Paragraph 18, the County Defendants admit the identity of the County Defendants, but deny that the interacted with Plaintiffs as described in the Second Amended Complaint.

7. The County Defendants admit Paragraph 19, except that St. Louis County, Missouri is a charter county, and not a municipal corporation.

8. The County Defendants LSKI Paragraphs 21 and 22.

9. As Paragraph 23 relates to the County Defendants, the paragraph is admitted, but as it relates to Defendant St. Louis City, the County Defendants LSKI.

<u>Responsive pleadings as to the section of the Second Amended Complaint denominated Facts.</u>

*a. Arrest of Devereaux and Hermsmeier*

10. The County Defendants admit Paragraph 24.

11. The County Defendants LSKI Paragraphs 25 through 39.

12. The County Defendants deny Paragraph 40.

13. The County Defendants LSKI Paragraphs 41 through 43.

14. The County Defendants deny that Sparks shot at Devereaux, but admit he shot at Hermsmeier.

15. The County Defendants deny Paragraph 45.

16. As to Paragraph 46, the County Defendants LSKI as to Deveraux, and admit as to Hermsmeier.

17. The County Defendants deny Paragraph 47.

18. The County Defendants admit Paragraphs 48 and 49.

19. The County Defendants deny Paragraph 50.

20. The County Defendants LSKI Paragraphs 51 and 52.

21. The County Defendants deny Paragraph 53.

22. The County Defendants admit Paragraphs 54 through 56.

23. The County Defendants LSKI Paragraph 57.

24. The County Defendants deny Paragraph 58.

*b. Arrests of Graw and Hermann*

25. The County Defendants admit Paragraph 59.

26. The County Defendants LSKI Paragraphs 60 and 61.

27. The County Defendants admit Paragraph 62.

28. The County Defendants LSKI Paragraph 63.

29. The County Defendants deny Paragraph 64.

30. The County Defendants LSKI Paragraphs 65 through 67.

31. The County Defendants deny Paragraph 68.

32. The County Defendants admit Paragraph 69.

33. The County Defendants deny Paragraphs 70 through 73.

34. The County Defendants admit Paragraph 74.

35. The County Defendants admit Paragraph 75, except that they LSKI as to requests for water.

26. The County Defendants LSKI Paragraph 76.

27. The County Defendants admit Paragraphs 77 and 78.

28. The County Defendants deny Paragraph 80.

*c. Arrests without probable cause.*

29. The County Defendants admit Paragraphs 81 and 82.

30. The County Defendants deny Paragraphs 83 through 86.

*d. Law enforcement engaged in widespread arrests, etc.*

31. The County Defendants deny Paragraph 87

32. The County Defendants admit Paragraph 88.

33. The County Defendants LSKI Paragraph 89.

34. The County Defendants deny Paragraphs 90 and 91.

35. The County Defendants LSKI Paragraph 92.

36. The County Defendants deny Paragraph 93.

37. The County Defendants LSKI Paragraphs 94 and 95.

38. The County Defendants deny Paragraph 96.

39. The County Defendants LSKI Paragraph 97.

40. The County Defendants deny Paragraphs 98 and 99.

*e. County and Chief Belmar failed to supervise, etc.*

41. County and Chief Belmar deny Paragraphs 100 through 109.

*f. City and Comm. Dotson, etc.*

42. The County Defendants make no responsive pleading to Paragraphs 110 through 119, as not directed against them.

Count I

43. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig, with respect to Paragraph 120, repeat their responsive pleading made earlier.

44. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig deny Paragraph 121.

45. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig admit Paragraph 122.

46. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig deny Paragraphs 123 and 124.

47. For their AFFIRMATIVE DEFENSES:

    i. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig state that the arrests were made with probable cause.

    ii. Individual Belmar and the County SWAT Defendants state that they are immune to suit by reason of qualified immunity.

Count II

48. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting, with respect to Paragraph 125, repeat their responsive pleading made earlier.

49. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting deny Paragraph 126.

50. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting admit Paragraph 127.

51. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting deny Paragraphs 128 and 129.

52. For their AFFIRMATIVE DEFENSES:

    i. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting state that the arrests were made with probable cause.

    ii. Individual Belmar and the County SWAT Defendants state that they are immune to suit by reason of qualified immunity.

Count III

52. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig, with respect to Paragraph 130, repeat their responsive pleading made earlier.

53. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig admit Paragraph 130.

54. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig deny Paragraphs 131 through 135.

55.  For their AFFIRMATIVE DEFENSES:

i. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig state that the arrests were made with probable cause.

ii. Individual Belmar and the County SWAT Defendants state that they are immune to suit by reason of qualified immunity.

Count IV

56. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting, with respect to Paragraph 136, repeat their responsive pleadings made earlier.

57. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting admit Paragraph 137.

58. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting deny Paragraphs 138 through 141.

59. For their AFFIRMATIVE DEFENSES:

i. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting state that the arrests were made with probable cause.

      ii. Individual Belmar and the County SWAT Defendants state that they are immune to suit by reason of qualified immunity.

Count V

60. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig, with respect to Paragraph 142, repeat their responsive pleadings made earlier.

61. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig admit Paragraph 143.

62. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig deny Paragraphs 144 through 146.

63. For their AFFIRMATIVE DEFENSES:

      i. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks and Ludwig state that the arrests were made with probable cause.

      ii. Individual Belmar and the County SWAT Defendants state that they are immune to suit by reason of qualified immunity.

Count VI

64. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting, with respect to paragraph 147, repeat their responsive pleadings made earlier.

65. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting admit Paragraph 148.

66. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting deny Paragraphs 149 through 151.

67. For their AFFIRMATIVE DEFENSES:

   i. County, Chief Belmar, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting state that the arrests were made with probable cause.

   ii. Individual Belmar and the County SWAT Defendants state that they are immune to suit by reason of qualified immunity.

Count VII

68. County and Chief Belmar, with respect to Paragraph 152, repeat their responsive pleadings made earlier.

69. County and Chief Belmar deny Paragraphs 153 through 160.

70. County and Chief Belmar LSKI Paragraph 161.

71. County and Chief Belmar deny Paragraph 162.

Count VIII

72. The County Defendants make no responsive pleadings to Count VIII, as not directed against them.

Count IX

73. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks, Ludwig, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting, with respect to Paragraph 173, repeat their responsive pleadings made earlier.

74. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks, Ludwig, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting deny Paragraphs 174 through 176.

75. For their AFFIRMATIVE DEFENSES:

   i. County, Chief Belmar, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman), Hauck, Sparks, Ludwig, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting state that the arrests were made with probable cause.

   ii. Individual Belmar and the County SWAT Defendants state that they are immune to suit by reason of qualified immunity.

Count X

76. The County Defendants make no responsive pleadings to Count X, as not directed against them.

Count XI

77. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman, Hauck, Sparks and Ludwig, with respect to Paragraph 181, repeat their responsive pleadings made earlier.

78. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman, Hauck, Sparks and Ludwig deny Paragraphs 182 through 184.

79. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman, Hauck, Sparks and Ludwig LSKI Paragraph 185.

80. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman, Hauck, Sparks and Ludwig admit Paragraph 186.

81. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman, Hauck, Sparks and Ludwig deny Paragraphs 187 and 188.

82. For their AFFIRMATIVE DEFENSES:

   i. The County SWAT Defendants state that they are possessed of official immunity.

    ii. County and the County SWAT Defendants state that the arrests were made with probable cause.

 Count XII

 83.  County, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting, with respect to Paragraph 189, restate their responsive pleadings made earlier.

 84. County, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting deny Paragraphs 190 through 192.

 85. County, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting LSKI Paragraph 193.

 86. County, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting admit Paragraph 194.

 87. County, Amaro, Davis, Rebholz, Zufall, McCauley, Dlugos and Fuesting deny Paragraphs 195 and 196.

 88. For their AFFIRMATIVE DEFENSES:

    i. The County SWAT Defendants state that they are possessed of official immunity.

    ii. County and the County SWAT Defendants state that the arrests were made with probable cause.

 Count III

 89. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman) Hauck, Sparks and Ludwig, with respect to Paragraph 197, restate their responsive pleadings made earlier.

90. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman) Hauck, Sparks and Ludwig deny that Sparks shot Devereaux, but admit that he shot Hermann.

91. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman) Hauck, Sparks and Ludwig deny Paragraphs 199 through 204.

92. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman) Hauck, Sparks and Ludwig LSKI Paragraph 205.

93. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman) Hauck, Sparks and Ludwig deny Paragraph 206.

94. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman) Hauck, Sparks and Ludwig admit Paragraph 207.

95. County, Pfanstiel, Fumagalli, Zavorka, Miceli, Taylor, Dite, Newman (Neuman) Hauck, Sparks and Ludwig deny Paragraphs 208 and 209.

96. For their AFFIRMATIVE DEFENSES:

    i. The County SWAT Defendants state that they are possessed of official immunity.

    ii. County and the County SWAT Defendants state that the arrests were made with probable cause.

WHEREFORE, the County Defendants ask that the Second Amended Complaint be dismissed as to them, and for such other relief as the Court deems appropriate in the circumstances.

                                                    PETER J. KRANE
                                                    COUNTY COUNSELOR

By:    /s/  Michael A. Shuman
Michael A. Shuman #MO32418
Associate County Counselor
Lawrence K. Roos Bldg.
41 So. Central Avenue
Clayton, MO. 63105
314-615-7042; Fax 314-615-3732
Mshuman@stlouisco.com

A copy of the foregoing was filed January 11, 2016 with the Court's electronic filing system.

  /s/ Michael A. Shuman