**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RYAN DEVEREAUX, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Case No. 4:15-CV-00553-RWS** |
| **v.** | ) | |
| | ) | |
| **ST. LOUIS COUNTY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**DEFENDANT CITY OF ST. LOUIS'S ANSWER TO COUNTS I-IX AND
COUNTS XI-XV OF PLAINITFF'S SECOND AMENDED COMPLAINT**</u>

Comes now Defendant, City of St. Louis ("City") by and through counsel and for its Answer to Plaintiffs' Second Amended Complaint ("Complaint"), denies everything not specifically admitted herein, and in particular, states as follows:

**Introduction**

1.      Paragraph 1 is an introductory statement to which no responsive pleading is required.  To the extent a responsive pleading is required, the City denies Paragraph 1.

2.      The City denies paragraph 2.

3.      The City denies paragraph 3.

4.      The City denies paragraph 4.

5.      The City denies paragraph 5.

6.      Paragraph 6 is a statement to which no responsive pleading is required. To the extent a responsive pleading is required, the City denies paragraph 6.

**Jurisdiction and Venue**

7.       Paragraph 7 is a statement to which no responsive pleading is required. To the extent a responsive pleading is required, the City denies paragraph 7.

8.       The City admits paragraph 8.

9.       The City admits paragraph 9.

10.      The City admits paragraph 10.

11.      The City admits paragraph 11.

**Parties**

12.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12, and therefore denies the same.

13.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13, and therefore denies the same.

14.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14, and therefore denies the same.

15.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15, and therefore denies the same.

16.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16, and therefore denies the same.

17.      As to paragraph 17, the City admits the named Officer's were employees of the City of St. Louis Metropolitan Police Department.  The City denies the remaining allegations in paragraph 17.

18.      The CIty lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18, and therefore denies the same.

19.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19, and therefore denies the same.

20.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20, and therefore denies the same.

21.      The City admits paragraph 21.

22.      The City admits paragraph 22.

23.      The City admits paragraph 23.

**Facts**

**a.  The Arrest of Journalists Devereaux and Hermsmeier**

24.      The City admits paragraph 24.

25.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25, and therefore denies the same.

26.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 26, and therefore denies the same.

27.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 27, and therefore denies the same.

28.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28, and therefore denies the same.

29.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 29, and therefore denies the same.

30.      The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30, and therefore denies the same.

31.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31, and therefore denies the same.

32.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32, and therefore denies the same.

33.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33, and therefore denies the same.

34.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34, and therefore denies the same.

35.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35, and therefore denies the same.

36.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 36, and therefore denies the same.

37.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37, and therefore denies the same.

38.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38, and therefore denies the same.

39.     The City denies paragraph 39.

40.     The City denies paragraph 40.

41.     The City denies paragraph 41.

42.     The City denies paragraph 42.

43.     The City denies paragraph 43.

44.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44, and therefore denies the same.

45.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 45, and therefore denies the same.

46.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 46, and therefore denies the same.

47.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 47, and therefore denies the same.

48.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 48, and therefore denies the same.

49.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 49, and therefore denies the same.

50.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 50, and therefore denies the same.

51.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 51, and therefore denies the same.

52.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 52, and therefore denies the same.

53.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 53, and therefore denies the same.

54.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 54, and therefore denies the same.

55.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 55, and therefore denies the same.

56.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 56, and therefore denies the same.

57.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 57, and therefore denies the same.

58.     The City denies paragraph 58.

**b.     The arrest of Ansgar Graw and Frank Herman**

59.     The allegations in paragraphs 59 – 80 are not directed against the City so no responsive pleading is required.  To the extent a responsive pleading is required; the City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 59 - 80, and therefore denies the same.

**c.     The Arrests and Detentions Were Without Probable Cause**

81.     The City admits paragraph 81.

82.     The City admits paragraph 82.

83.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 83, and therefore denies the same.

84.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 84, and therefore denies the same.

85.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 85, and therefore denies the same.

86.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 86, and therefore denies the same.

**d.     Law Enforcement Engaged in the Widespread Use of Arrests Without Probable Cause, Excessive Force, Intimidation, and Other Means to Unconstitutionally Censure and Newsgathering and Recording of Police Activity**

87.     The City denies paragraph 87.

88.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 88, and therefore denies the same.

89.     The City admits paragraph 89.

90.     The City denies paragraph 90.

91.     The City denies paragraph 91.

92.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 92, and therefore denies the same.

93.     The City denies paragraph 93.

94.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 94, and therefore denies the same.

95.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 95, and therefore denies the same.

96.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 96, and therefore denies the same.

97.     The City denies paragraph 97.

98.     The City denies paragraph 98.

99.     The City denies paragraph 99.

     **e.     The County and Chief Belmar Failed to Supervise, Train, Investigate, and Discipline First and Fourth Amendments Violations.**

100.    The allegations in paragraphs 100 – 109 are not directed against the City so no responsive pleading is required.  To the extent a responsive pleading is required;

the City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 100 - 109, and therefore denies the same.

      **f.**     **The City and Comm. Dotson Failed to Supervise, Train, Investigate, and Discipline First and Fourth Amendment Violations.**

110.     The City denies paragraph 110.

111.     The City denies paragraph 111.

112.     The City denies paragraph 112.

113.     The City denies paragraph 113.

114.     The City denies paragraph 114.

115.     The City denies paragraph 115.

116.     The City denies paragraph 116.

117.     The City denies paragraph 117.

118.     The City denies paragraph 118.

119.     The City denies paragraph 110.

## Count I

120.     As to paragraph 120, the City repeats the responses it made to the earlier paragraphs.

121.     The City denies paragraph 121.

122.     The City admits paragraph 122.

123.     The City denies paragraph 123.

124.     The City denies paragraph 124.

## Count II

125.     The allegations in Count II, paragraphs 125 – 129, are not directed against the City so no responsive pleading is required.

**Count III**

130.     As to paragraph 130, the City repeats the responses it made to the earlier paragraphs.

131.     The City admits paragraph 131.

132.     The City denies paragraph 132.

133.     The City denies paragraph 133.

134.     The City denies paragraph 134.

135.     The City denies paragraph 135.

**Count IV**

136.     The allegations in Count IV, paragraphs 136 – 141, are not directed against the City so no responsive pleading is required.

**Count V**

142.     As to paragraph 142, the City repeats the responses it made to the earlier paragraphs.

143.     The City admits paragraph 143.

144.     The City denies paragraph 144.

145.     The City denies paragraph 145.

146.     The City denies paragraph 146.

**Count VI**

147.     The allegations in Count VI, paragraphs 147 – 151, are not directed against the City so no responsive pleading is required.

**Count VII**

152.     The allegations in Count VII, paragraphs 152 – 162, are not directed against the City so no responsive pleading is required.

**Count VIII**

163.     As to paragraph 163, the City repeats the responses it made to the earlier paragraphs.

164.     The City denies paragraph 164.

165.     The City denies paragraph 165.

166.     The City denies paragraph 166.

167.     The City denies paragraph 167.

168.     The City denies paragraph 168.

169.     The City denies paragraph 169.

170.     The City denies paragraph 170.

171.     The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 171, and therefore denies the same.

172.     The City denies paragraph 172.

**Count IX**

173.     The allegations in Count IX, paragraphs 173 – 176, are not directed against the City so no responsive pleading is required.

**Count X**

The City has filed a Motion to Dismiss Count X of Plaintiffs' Second Amended Complaint along with this Answer so no further responsive pleading is needed at this time.

**Count XI**

181.    The allegations in Count XI, paragraphs 181 – 188, are not directed against the City so no responsive pleading is required.

## Count XII

189.    The allegations in Count XII, paragraphs 189 – 195, are not directed against the City so no responsive pleading is required.

## Count XIII

196.    The allegations in Count XIII, paragraphs 196 – 209, are not directed against the City so no responsive pleading is required.

## Count XIV

210.    As to paragraph 210, the City repeats the responses it made to the earlier paragraphs.

211.    The City denies paragraph 211.

212.    The City denies paragraph 212.

213.    The City denies paragraph 213.

214.    The City denies paragraph 214.

215.    The City denies paragraph 215.

216.    The City denies paragraph 216.

217.    The City denies paragraph 217.

218.    The City denies paragraph 218.

219.    The City denies paragraph 219.

220.    The City denies paragraph 220.

## Count XV

221.    The allegations in Count XV, paragraphs 221 – 232, are not directed against the City so no responsive pleading is required.

**<u>Affirmative Defenses</u>**

1.  Plaintiff's Petition fails to state a claim upon which relief can be granted.

2.  The City assert all of the provisions of §§ 537.600, 537.610, and 537.615 RSMo.

3.  The City is further protected from liability in this action by official immunity and the public duty doctrine.

4.  Any use of force by the Defendants in this case was justified and reasonably necessary under the circumstances to effect law enforcement objectives.

5.  The City reserves the right to raise any further affirmative defenses to Plaintiffs' Complaint as this lawsuit proceeds and further facts are discovered.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendant City of St. Louis prays to be dismissed with prejudice and for reasonable costs and attorney's fees, and for such other and further relief as the Court deems fair and reasonable.

Respectfully submitted,
MICHAEL GARVIN, CITY COUNSELOR

/s/ Thomas A. McCarthy
Thomas A. McCarthy  #56703 MO
Assistant City Counselor
Room 314 City Hall
St. Louis, Mo  63103
(314) 622-3361
(314) 622-4956 Fax
McCarthyT@stlouis-mo.gov

**Certificate of Service**

The undersigned hereby certifies that on Tuesday, February 16, 2016 a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

/s/ Thomas A. McCarthy