UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVEREAUX, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.  4:15 CV 553 RWS |
| ) | |
| COUNTY OF ST. LOUIS, MISSOURI, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendants City of St. Louis, Sam Dotson, Josh Becherer, James Joyner, and Brian Rossomanno ("City Defendants")'s Motion to Dismiss Count X of Plaintiffs' Second Amended Complaint.  Plaintiffs Ryan Devereaux, Lukas Hermsmeier, Ansgar Graw and Frank Herrmann oppose the motion.  For the reasons that follow, I will grant in part and deny in part the motion to dismiss.

## Legal Standard

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff.  *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

## Discussion

Count X of Plaintiffs' Second Amended Complaint seeks a declaratory judgment that the City Defendants violated Plaintiffs Devereaux and Hermsmeier's rights under Article I, Sections 8 and 15 of the Missouri Constitution. [#59] at ¶¶ 177-79. Plaintiffs also allege that they sustained damages as a result of these alleged deprivations under the Missouri Constitution. *Id.* at ¶ 180. The City Defendants argue, citing *Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo. Ct. App. 1997), that such a claim is foreclosed by Missouri law because these sections of the Missouri Constitution are not self-executing and no legislation grants a private cause of action arising out of a violation of the Missouri Constitution. The *Moody* court, however, only held that Article I, Section 15, of the Missouri Constitution was not self-executing such that a private claim for *money damages* could not proceed. *See* 956 S.W.2d at 402. In contrast, courts have allowed claims under the Missouri Constitution to proceed where they only seek equitable relief. *See, e.g., Disabled Citizens All. for Indep., Inc. v. Pratte*, No. 4:08CV1021 JCH, 2008 WL 4488972, at *4 (E.D. Mo. Oct. 1, 2008).

Article I, Sections 8 and 15 of the Missouri Constitution are not self-executing and there is no precedent for a claim for damages under these provisions. As a result, to the extent Plaintiffs allege a claim for damages under Article I, Sections 8 and 15 of the Missouri Constitution, Count X of the Second Amended Complaint is dismissed. However, Plaintiffs' claim for declaratory relief will not be dismissed and shall remain pending.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of St. Louis, Sam Dotson, Josh Becherer, James Joyner, and Brian Rossomanno's Motion to Dismiss Count X of Plaintiffs' Second Amended Complaint #[74] is **GRANTED** in part and **DENIED** in part.  Defendants' motion is granted to the extent it asserts a claim for damages but Plaintiffs' claim for declaratory judgment remains pending.

 

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2016.